UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **IN RE:  YASMIN AND YAZ (DROSPIRENONE) MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** | **3:09-md-02100-DRH-PMF**<br><br>**MDL No. 2100** |

**This Document Relates to:**

*Monique Nichols, et al. vs. Bayer Corporation, et al. 3:12-cv-11690-DRH-PMF*[1]

<u>**ORDER**</u>

**HERNDON, District Judge:**

Presently before the Court is defendants' Rule 12(b)(1) and 21 motion to dismiss for lack of subject matter jurisdiction filed in accord with Case Management Order Number 70 ("CMO 70") (MDL 210 Doc. 3634). The defendants move the Court to sever and dismiss plaintiff Jeanette Beckwith's claims for lack of subject matter jurisdiction. In accord with CMO 70, the plaintiff was given 14 days to respond. The plaintiff has failed to respond in any way to the defendants' motion. The Court deems the failure to respond to be an admission of the merits of the motion. SDIL-LR 7.1(c).

It is evident that diversity jurisdiction is lacking. In the instant case, plaintiff is a citizen of Pennsylvania. Defendant Bayer Corporation is also a citizen of Pennsylvania. Accordingly, complete diversity is lacking. *See Wisconsin Dep't of*

---

[1] This Order applies to plaintiff  Jeanette Beckwith only.

*Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (Breyer, J.) (complete diversity exists "only if there is no plaintiff and no defendant who are citizens of the same state").

A district court has the authority, pursuant to Federal Rule of Civil Procedure 21, "to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered" for the purpose of maintaining diversity of citizenship jurisdiction. *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 832, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) (Marshall, J.).[2]

Because plaintiff's claims destroy complete diversity, the defendants' motion to sever and dismiss is **GRANTED**. The claims of plaintiff Beckwith are severed pursuant to Rule 21 and dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

**Signed this 30th day of April, 2015.**

Digitally signed by David R. Herndon
Date: 2015.04.30 14:18:52 -05'00'

**United States District Court**

---

[2] The Court notes that in previous decisions it has declined to utilize Rule 21 to sever nondiverse plaintiffs in *removed* actions. The concerns the Court has expressed with regard to this use of Rule 21 in *removed* actions are not applicable in the instant case. *See e.g., In re Pradaxa (Dabigatran Etexilate) Products Liability Litigation,* 2014 WL 257831, *2 n.2 (S.D. Ill. Jan. 23, 2014) (Herndon, C.J.)